UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2215 |
| | § | |
| MEHUL RANA, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

**MEMORANDUM, ORDER AND FINAL JUDGMENT**

Pending before the court is plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") motion for default judgment against defendants Mehul Rana, Praful Patel, and Radhe Radhe, L.L.C., d/b/a Pasadena Sky Bar ("Defendants"). Dkt. 15. For the following reasons, the motion is **GRANTED**.

**I. BACKGROUND**

The plaintiff was a broadcast licensee authorized to sub-license the closed-circuit telecast of the July 3, 2010, Ultimate Fighting Championship 116: Lesnar v. Carwin (the ΑEvent≅). Dkt. 1. Plaintiff was licensed to exhibit the Event at closed circuit locations throughout Texas. *Id.* Commercial customers could receive and broadcast the program only through purchase from plaintiff. *Id.* After receiving sublicense fees, Joe Hand provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id.* The complaint alleges that defendants unlawfully intercepted plaintiff's signal and exhibited the Event to customers in its establishment without having paid the required fees. *Id.* Plaintiff claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to section 605. *Id.* Defendant Mehul Rana was served on August 15, 2011. Dkt. 6. Defendant Praful Patel was served on September 30, 2011. Dkt. 9. Defendant Rahde Rahde, L.L.C. was served on October 17, 2011. Dkt. 13. To date, the

defendants have not filed a responsive pleading in the case. Plaintiff now moves for entry of default judgment.

## II. LEGAL STANDARD AND ANALYSIS

Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of a default and the motion for default judgment to the defendants via certified mail, return receipt requested. Dkt. 15. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R Civ. P. 55(a). Given defendants= failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in the complaint as true and to award relief sought by the plaintiff.

In this case, plaintiff seeks statutory damages, additional damages, attorneys' fees, costs, and post-judgment interest. Under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior; and § 605(e)(3)(B)(iii) mandates that courts award attorneys' fees and allows courts to award full costs.

Plaintiff has requested an award of statutory damages against each defendant, jointly and severally, in the amount of $10,000; additional damages in the amount of $50,000; and attorneys' fees and costs of $20,000. The court finds that the $20,000 requested for costs and attorneys' fees is not reasonable, but than an award of $5,000 in this case is reasonable. Plaintiff is therefore awarded $5,000 in costs and fees. Additionally, the court awards statutory damages under section 605(e)(3)(C)(i)(II) in the amount of $5,000, and additional damages under section 605(e)(3)(C)(ii) in the amount of $10,000. Post judgment interest shall accrue at the rate of 0.13% per annum. Plaintiff is entitled to recover these damages from defendants jointly and severally.

Furthermore, Plaintiff is entitled to recover the following conditional awards of attorneys fees from each defendant in the following circumstances:

    a. Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action;

    b. Fifteen Thousand Dollars ($15,000.00) in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

    d. Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

    e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

### III. CONCLUSION

For the foregoing reasons, Joe Hand's motion for default judgment is **GRANTED**, and **FINAL JUDGMENT** is entered in favor of plaintiff and against defendants Mehul Rana, Praful Patel, and Radhe Radhe, L.L.C., d/b/a Pasadena Sky Bar.

It is so ORDERED.

Signed at Houston, Texas on February 10, 2012.

_____
Gray H. Miller
United States District Judge